Peter E. Perkowski
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Counsel for Plaintiff BACKGRID LONDON LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
BACKGRID LONDON LTD.,                 :   No. 1:25-cv-06748
                                      :
          *Plaintiff*,                :   **COMPLAINT FOR COPYRIGHT**
                                      :   **INFRINGEMENT**
v.                                    :
                                      :
KIM SHUI LLC,                         :
                                      :
          *Defendant*.                :   *JURY TRIAL DEMANDED*
                                      :
                                      :
------------------------------------- x

    Plaintiff BackGrid London Ltd., for its complaint against defendant Kim Shui LLC, alleges as follows:

## JURISDICTION

    1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

1

**PARTIES**

2.      Plaintiff BackGrid is a private limited company organized and existing under the laws of the country of the United Kingdom with its principal place of business in London, England.

3.      BackGrid is a premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. BackGrid also maintains libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4.      BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world.

5.      BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

6.      On information and belief, defendant Kim Shui LLC is a limited liability company organized under the laws of the state of New York, has a principal place of business in New York, New York, and is doing business in New York under the name of Kim Shui Studios.

7.      Kim Shui is a womenswear fashion and accessories design company. On information and belief, Kim Shui owns and operates the Instagram account @kimshuistudios or is otherwise responsible for the content posted to that account.

8.      The Court has personal jurisdiction over Kim Shui because it is organized under the laws of New York and further because it has a principal place of business in this state and judicial district, such that it can be said to be "at home" in New York and in this judicial district.

9.      Venue is this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

10.     BackGrid is the owner and copyright holder of two photographic images (the "Images") depicting fashion model Bella Hadid wearing Kim-Shui-brand clothing. The Images were registered with the United States Copyright Office as Registration No. VA 2-260-220 (eff. July 12, 2021). The Images were registered within 90 days of first publication.

11.     BackGrid obtained ownership of the copyright to the Images, along with the right to sue for any infringements, from Xposure Photo Agency Inc. by written assignment.

12.     BackGrid never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so, and without paying a license fee.

13.     Specifically, defendant or someone acting on its behalf copied each of the Images from Internet sources—on information and belief including legitimate licensees of plaintiff—stored the Images on its own servers or computers, and displayed the Images on defendants social media account @kimshuistudios (at the URL https://www.instagram.com/p/CNqVeSFFuy2).

14.     Plaintiff notified defendant of the infringement by letter emailed to hello@kimshui.net, an email address listed on defendant's website (www.kimshui.net) for "general inquiries." The emailed letter received a response. Nevertheless, defendant's unauthorized use of the Images continues and is ongoing on at the time this complaint was filed.

15.     The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing them.

16. But defendant's unauthorized use of the Images harmed the market for them. Defendant's Instagram posts made the Images immediately available to its numerous followers and to the public, including consumers of entertainment and fashion news who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid customers.

17. Defendant's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and possibly driving away BackGrid's actual and potential customers. BackGrid's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or to pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

18. In addition, defendant's unauthorized uses of the Images are commercial in nature. Defendant uses its Instagram feed for the purposes of promotion—specifically, to promote brand awareness of its business, and to attract buyers and drive sales of its products. In fact, defendant's Instagram post was expressly commercial because the accompanying text highlighted defendant's products being worn by the celebrity depicted.

19. On information and belief, defendant specifically posted the Images on Instagram to attract buyers for its products. On information and belief, defendant knew that because the Images depicted popular celebrities, users would be attracted to view the Images and thus more likely to buy its products. In short, defendant used the Images as advertisements.

20. As a fashion and fashion accessory company, defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was

aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining whether it the right to do so.

## CLAIM ONE

### Copyright Infringement

21. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

22. Plaintiff is the author and or/copyright owner of the protected Images named above in this Complaint.

23. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

24. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to copy, display, and reproduce their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

25. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

26. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

27. Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

28. On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

29. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

30. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

31. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with it from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for its profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyrights—including digital copies or any other means by which

they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

      D.      For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

      E.      For an award of pre-judgment interest as allowed by law;

      F.      For reasonable attorney fees;

      G.      For court costs, expert witness fees, and all other costs authorized under law;

      H.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues permitted by law.

Dated: August 14, 2025

PERKOWSKI LEGAL, PC

By: /s/ Peter Perkowski
      Peter E. Perkowski (#1040409)
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796
peter@perkowskilegal.com

*Counsel for Plaintiff BackGrid London Ltd.*